NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BLUECATBIO MA INC.,**
*Appellant*

**v.**

**YANTAI AUSBIO LABORATORIES CO., LTD.,**
*Appellee*

_____

2022-1450

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. PGR2020-00051.

_____

Decided: April 12, 2023

_____

MICHAEL N. RADER, Wolf Greenfield & Sacks, PC, New York, NY, argued for appellant. Also represented by EMMA L. FRANK, NATHAN R. SPEED, Boston, MA.

JASON MITCHELL SHAPIRO, Devlin Law Firm LLC, Wilmington, DE, argued for appellee. Also represented by MARK JAMES DEBOY, Edell Shapiro and Finnan, Gaithersburg, MD.

_____

Before LOURIE, TARANTO, and STARK, *Circuit Judges*.

LOURIE, *Circuit Judge*.

BlueCatBio MA Inc. ("BlueCat") appeals from a final written decision of the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("the Board") holding that claims 1, 3–5, 7, 10–12, and 14–20 of U.S. Patent 10,338,063 had not been shown to have been unpatentable as anticipated or rendered obvious in view of the asserted prior art. *BlueCatBio MA Inc. v. Yantai AusBio Lab'ys Co.*, No. PGR2020-00051, 2021 WL 6338298 (P.T.A.B. Dec. 9, 2021) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

This appeal pertains to a post-grant review ("PGR") in which BlueCat filed a petition challenging various claims of the '063 patent directed to a centrifuge for cleaning reaction vessels. Representative claim 1 is presented below:

> 1. A centrifuge for cleaning a reaction vessel unit that includes at least one opening, comprising:
>
> a housing including a cylindrical inner surface and a drain;
>
> a rotor disposed within the housing and including an outmost surface, the rotor being configured to hold the reaction vessel unit with its at least one opening directed outwardly;
>
> a motor for rotating the rotor around a rotation axis in a first rotational direction to cause <u>liquid from the reaction vessel to be expelled from the at least one opening onto the inner surface of the housing</u>;
>
> wherein a gap is provided between the inner surface of the housing and the outmost

> surface of the rotor, a size of the gap being such that by rotating the rotor a wind is generated which drives <u>the expelled liquid on the inner surface of the housing</u> to the drain; and
>
> wherein a size of the gap is not less than 0.3 mm.

'063 patent, col. 23 l. 64–col. 24 l. 14 (emphasis added).

Independent claim 12 recites a method of cleaning a reaction vessel with a centrifuge similar to that recited in claim 1, wherein a generated wind drives the expelled liquid on the inner housing surface to the drain. *Id.* col. 24 l. 60–col. 25 l. 12.

BlueCat petitioned for PGR, raising grounds of invalidity under 35 U.S.C. §§ 102 and 103 in view of the public use of a centrifuge known as the GyroWasher. Like the claimed centrifuge, the GyroWasher comprises a rotor that generates a wind that can drive at least some liquid off the inner housing surface to a drain. The Board concluded, however, that BlueCat had not met its burden to establish unpatentability of the challenged claims because it had not shown that the GyroWasher's wind drove all or nearly all of the liquid on the inner housing surface to the drain. *Decision* at \*21–22.

BlueCat appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(c).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

BlueCat raises one issue on appeal: whether the Board

erred in construing "the expelled liquid on the inner surface of the housing" to mean "all or nearly all of the liquid" on the housing's inner surface. Claim construction is a question of law that we review *de novo. Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). "It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention[,] which the patentee is entitled . . . to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)); *see also Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("[W]e look to the words of the claims themselves . . . to define the scope of the patented invention.").

We begin with the language of the claims. The parties agree that "the expelled liquid on the inner surface of the housing" driven to the drain refers to a claim limitation that recites that rotating the rotor causes "liquid from the reaction vessel to be expelled . . . onto the inner surface of the housing." Given that the claim language does not expressly contemplate that the wind drive merely a portion of "the expelled liquid" off the inner housing surface to the drain, we find that the claims support a construction that includes the wind driving all of the expelled liquid from the inner housing surface to the drain. The parties do not seem to disagree on this particular point. Some dependent claims, however, describe liquid that may remain on the inner housing following the initial wind generation step. The claims thus encompass situations in which liquid remains on the inner housing following wind generation. The question becomes: how much liquid may remain?

Dependent claims 7 and 17 contemplate "a liquid film" or "a liquid" that the parties agreed is "residual liquid," *Decision* at *7, which remains on the inner housing, to the rear of the drain. Notably, these dependent claims suggest only that there is residual liquid or a liquid film near the drain. They do not indicate that there is any liquid that

remains splattered across the whole of the inner housing surface. Rather, leaving behind a "liquid film" or "residual liquid" near the drain suggests that nearly all of the liquid has otherwise been driven off the inner housing. Thus, in view of the language of the claims themselves, we agree with the Board's conclusion that "all or nearly all of the expelled liquid on the inner surface of the housing" is an appropriate construction of "the expelled liquid on the inner surface of the housing" that is driven to the drain by the wind.

BlueCat suggests that such a claim construction improperly imports a very high level of wind-efficacy from a preferred embodiment. We disagree, as this claim construction arises from the claim language itself. That it is consistent with an embodiment or other disclosures in the specification does not mean it improperly imports limitations from the specification. Rather, it indicates that the construction is correct. *See Phillips*, 415 F.3d at 1316 ("The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction.").

Indeed, the specification confirms that even if any "residual liquid remain[s] in the housing," the "main part" of the liquid will not only be off the housing but down the drain. *See* '063 patent, col. 3 ll. 41–45. This is consistent with requiring that all or nearly all of the expelled liquid be driven off the inner housing to the drain. The specification also makes repeated mention of removing liquid from the inner housing to avoid cross-contamination between reaction vessels. *See id.* col. 3 ll. 43–45 (removing the "main part" of the expelled liquid "decreases the risk of any cross-contamination enormously"); *id.* col. 3 ll. 58–66 (describing "withdraw[ing] completely all liquid . . . from the interior of the housing," how "[t]his fluid is regarded as contaminating material," and how "[a]s this contaminating material can be completely [] withdrawn, there is no danger of contamination"). Each of these disclosures naturally aligns

with the adopted "all or nearly all" construction.

BlueCat contends that the "all or nearly all" construction is indefinite. However, this constitutes a substantial new argument on appeal. BlueCat's contentions regarding indefiniteness were thus forfeited. *See Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1074–75 (Fed. Cir. 2017).

The Board's finding that the GyroWasher does not demonstrate wind driving all or nearly all of the liquid expelled on the inner surface of the housing is a fact finding that we review for substantial evidence. *Gartside*, 203 F.3d at 1316. The Board evaluated testimony from both expert and fact witnesses, as well as experimental results and videographic evidence to determine that the GyroWasher did not produce a wind that drove a sufficient amount of expelled liquid on the inner housing surface to the drain to render the challenged claims invalid. In particular, the Board looked to evidence that showed a notable amount of liquid remaining on the GyroWasher's inner housing surface following centrifugation, as well as an experiment demonstrating that as much as 27% of liquid expelled from a reaction vessel did not make it into the GyroWasher's drain following centrifugation. *Decision* at \*15–17, \*19–20. We find the Board's conclusion that BlueCat failed to establish that the wind generated by the GyroWasher drove all or nearly all of the expelled liquid on the inner housing surface to the drain was supported by substantial evidence.

## CONCLUSION

We have considered BlueCat's remaining arguments and do not find them persuasive. For the foregoing reasons, we *affirm* the Board's final written decision holding that claims 1, 3–5, 7, 10–12, and 14–20 of the '063 patent were not shown to have been unpatentable in view of the asserted prior art.

**AFFIRMED**